[Cite as *Sandusky Metro. Hous. Auth. v. Jackson*, 2020-Ohio-5118.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

| | |
|---|---|
| Sandusky Metropolitan Housing Authority | Court of Appeals No. S-19-046 |
| Appellant | Trial Court No. 19 CVG 636 |
| v. | |
| Timothy Jackson and Rose Gutierrez | **<u>DECISION AND JUDGMENT</u>** |
| Appellees | Decided:  October 30, 2020 |

* * * * *

Mark P. Smith, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} We sua sponte place this appeal on the accelerated calendar pursuant to 6th Dist.Loc.App.R. 12.

{¶ 2} Sandusky Metropolitan Housing Authority, appellant, appeals the September 13, 2019 judgment of the Fremont Municipal Court denying appellant's eviction suit against appellees, Timothy Jackson and Rose Gutierrez.  For the reasons that follow, we reverse.

{¶ 3} Jackson had entered into a lease agreement with appellant for premises known as 304 Mosser Drive, Unit 1304, in Fremont, Ohio. Later, Gutierrez was added as a tenant. Appellant filed a complaint against appellees for forcible entry and detainer on July 30, 2019, alleging violations of the lease agreement entitling appellant to possession of the premises.

{¶ 4} In April 2018, Jackson had been placed on community control for five years in case No. 17CR830 in the Sandusky County Court of Common Pleas. He was later charged with violating several conditions of community control, including testing positive for marijuana on three occasions. On June 28, 2019, Jackson admitted to violating community control. Appellant notified appellees that their tenancy was terminated. The termination was based on Jackson's three positive marijuana screens. Eviction proceedings followed, appellant cited Section XII, subsection L.1 and 2 (Tenant obligations) of the lease agreement that provides:

> L. To assure that *Tenant, any member of the household*, a guest, or another person under Tenant's control shall not engage in: 1. *any criminal activity*, including crimes of violence and/*or any illegal drug use* or pattern of alcohol abuse, that threatens the health, safety, or right to peaceful enjoyment of PHA's public housing premises by other residents or employees of PHA, or 2. Any drug-related criminal activity and/or violent crimes *on or off the premises*. Any criminal activity in violation of the preceding sentence shall be cause for termination of tenancy, and for

2.

eviction from the unit.  (For purposes of this lease, the term *drug-related criminal activity* means the illegal possession, manufacture, sale distribution, *use* or possession with intent to manufacture, sell, distribute, or use, *of a controlled substance as defined in Section 102 of the Controlled Substance Act [966.4(f)(12)*.  (Emphasis added.)

{¶ 5} There was no dispute that Gutierrez and Jackson were members of the same household.

{¶ 6} The trial court dismissed appellant's complaint, finding "for purposes of this Eviction, no testimony was elicited that drug related activity occurred on or off the premises, as defined in the lease."  And that "Plaintiff has failed to meet its burden that it is entitled to possession of the premises * * *."

{¶ 7} It also found that the probation violation was a "minor violation of the housing lease, and without additional evidence, same, is not sufficient cause to terminate the lease in question."

{¶ 8} Appellant timely appealed asserting the following assignment of error:

The Trial Court Erred in Dismissing Appellant's Complaint for Eviction Against the Manifest Weight of the Evidence.

{¶ 9} The standard of review for manifest weight is the same in a civil case as in a criminal case.  *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17. Thus, "[t]he [reviewing] court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the

3.

evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." *Id.* at ¶ 20. "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *Id.* at ¶ 21, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶ 10} A challenge to judgment as being against the manifest weight of the evidence requires the court to review the evidence as a 13th juror. Any competent credible evidence to support the judgment will be deemed sufficient to affirm the judgment of the finder of fact. Judgments supported by some competent credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the weight of the evidence. *C.E. Morris Co. v. Foley Const. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

{¶ 11} We also note that appellees did not file a brief. App.R. 18 provides that if an appellee fails to file a brief "in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

{¶ 12} Appellant is essentially arguing that the trial court's decision that the terms of the lease were not violated was not supported by any competent credible evidence and that its claim for eviction based on violation of lease terms was. We agree.

{¶ 13} It is unchallenged that Jackson submitted three positive screens for marijuana. In addition to testimony by appellant's property manager/agent Cindy

4.

Shearon, appellant's exhibit D, the notice of probation violation (community control) containing the allegations that Jackson tested positive for marijuana on three different dates, and exhibit E, the judgment entry noting the admission by Jackson of the community control violation, were admitted into the record. Finally, Jackson took the stand and admitted he "messed up."

{¶ 14} The trial court also found that Gutierrez did not engage in any drug activity on or off the premises. However, Section XII, subsection L. of the lease agreement specifically prohibits criminal activity by "the tenant, household member, guest or other person * * *."

{¶ 15} We find that there is no competent credible evidence supporting the trial court's finding that there was no violation of the lease and we find competent credible evidence that appellees did violate the lease.

{¶ 16} Therefore, we find appellant's assignment of error well-taken.

{¶ 17} We hereby reverse the judgment of the trial court and remand to the trial court for further proceedings consistent with this decision. The costs of this appeal are assessed to appellees pursuant to App.R. 24.

Judgment reversed<br>and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Arlene Singer, J. _____

Thomas J. Osowik, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.